UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY WOZNICKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 20-11816
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy Jr.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [20], DENYING WOZNICKI'S MOTION FOR SUMMARY JUDGMENT [15], AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [18]**

---

Kimberly Woznicki brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) to challenge the Commissioner of Social Security's decision to deny her applications for Disability Insurance Benefits and Supplemental Security Income. In her application, Woznicki states that she is unable to work a fulltime job due to cardiomyopathy, congestive heart failure, a left bundle branch block in her heart, a pacemaker, anxiety, and "major problems." (ECF No. 12, PageID.115–16, 262).

Woznicki and the Commissioner have both moved for summary judgment. (ECF Nos. 15, 18.) In his detailed and carefully reasoned report and recommendation, Magistrate Judge Curtis Ivy, Jr. recommends that the Commissioner's decision be affirmed. (ECF No. 20). Woznicki has filed an objection pursuant to Federal Rule of Civil Procedure 72(b). (ECF No. 21.) The parties have provided substantial briefing that enables resolution of the motion without the need for further argument. *See* E.D.

Mich. LR 7.1(f). For the reasons given below, the Court overrules Woznicki's objection and adopts the report and recommendation.

## I. Legal Standards

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. The Objection

Woznicki makes one objection to the report and recommendation. She objects that the Magistrate Judge (and the Administrative Law Judge) relied excessively on healthcare provider notes stating that Woznicki was "doing fine" or "stable and doing well" and that they gave inadequate weight to notes from the same visits stating that she had "stable NHYA Class II-III symptoms" (difficulty breathing with ordinary and less-than-ordinary activity) and "new 4-pillow orthopnea" (shortness of breath lying down that required propping herself on four pillows to alleviate the symptoms). (ECF

No. 21, PageID.885–899.) She notes that a "stable" condition in medical parlance only means that a patient's condition has neither worsened nor improved; it does not mean that a patient is free of symptoms. *See, e.g.*, *Garrett v. Berryhill*, No. 3:17-CV-00049, 2018 WL 1521763, at *5 (S.D. Ohio Mar. 28, 2018) ("stable condition" in medical lexicon "indicates that the patient's disease process has not changed precipitously or significantly"). Woznicki argues that "the ALJ overly relied on the statements of 'doing well' or 'apparently doing fine' without accounting for the context in which they were made," and "the Report and Recommendation on this issue is nothing more than a rubber stamp of the ALJ's decision." (*Id.* at PageID.889.)

This is a restatement of Woznicki's argument in her brief on appeal. (*See* ECF No. 15, PageID.818–19; ECF No. 21, PageID.885.) A federal court may not reweigh evidence when reviewing an ALJ's decision to deny benefits. *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). It is the Commissioner's function to resolve conflicts in the medical evidence. *Van Winkle v. Com'r of Soc. Sec.*, 29 F. App'x 353, 358 (6th Cir. 2002) (citing *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984)). If substantial evidence supports the ALJ's decision, this Court defers to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley*, 581 F.3d at 406 (quoting *Key*, 109 F.3d at 273). Here, neither the ALJ nor the Magistrate Judge disregarded Woznicki's symptoms—each clearly acknowledged the symptoms but found that substantial other evidence supported the ultimate conclusion that Woznicki was not disabled for purposes of the Social Security Act.

(*See* ECF No. 12, PageID.641; ECF No. 18, PageID.844–45; ECF No. 20, PageID.875). So Woznicki's objection does not present a legal basis for this Court to overturn the ALJ's conclusion. *See, e.g.*, *Mullins v. Sec'y of Health and Human Servs.*, 836 F.2d 980, 984 ("Claimant's argument rests solely on the weight to be given opposing medical opinions, which is clearly not a basis for our setting aside the ALJ's factual findings.").

Woznicki's objection therefore presents no evidence or legal basis to reject the Magistrate Judge's recommendation to affirm the ALJ's final decision.

### III. Conclusion

Accordingly, the Court OVERRULES Woznicki's objection and ADOPTS the Magistrate Judge's report and recommendation (ECF No. 20).

The Court DENIES Woznicki's motion for summary judgment (ECF No. 15), GRANTS the Commissioner's (ECF No. 18), and AFFIRMS the decision of the Commissioner.

SO ORDERED.

Dated: September 14, 2021

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE